**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| REBECCA CARROLL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. 2:12-CV-412 |
| ) | |
| THE COUNTY OF PORTER, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on a Partial Motion to Dismiss filed by Defendants, The County of Porter ("Porter County"), The Porter County Commissioners ("Commissioners"), John Evans, Nancy Adams, and Carole Knoblock, in their individual and official capacities. For the reasons set forth below, the Partial Motion to Dismiss is **GRANTED** and Counts II, III, V, and VI are **DISMISSED** with prejudice.

BACKGROUND

This case arises out of the termination of Rebecca Carroll's ("Carroll") employment at the Porter County Animal Shelter ("Shelter"). (Pl. Cmplt ¶ 8). As an employee of the Shelter, she was an employee of Porter County. (Id.) Carroll began her employment on March 1, 2010 and was subsequently terminated on December 9, 2011. (Id.) Carroll alleges that in or around

November 2011, she reported instances of animal neglect and abuse occurring at the Shelter to Porter County Commissioner John Evans, Interim Shelter Director Christina Montgomery, and Porter County Councilman Dan Whitten. (Id. at ¶ 11-15). On December 4, 2011, the Porter County Council held a meeting, with considerable press coverage, regarding animal abuse at the Shelter. (Id. at ¶ 16). Carroll alleges that on December 9, 2011, she was terminated from the Shelter "for reasons that were baseless, unsubstantiated and not included in the Porter County Employee Handbook." (Id. at ¶ 17). Carroll further alleges that she was fired "in retaliation for exercising her right of free speech and for performing her civic and lawful duty to report animal abuse, pursuant to Porter County Code." (Id. at ¶ 18).

Carroll's complaint contains six causes of action: (I) Section 1983; (II) Retaliatory Discharge; (III) Discharge Against Public Policy; (IV) First Amendment; (V) Article 1, Section 9 of the Indiana Constitution; and (VI) Intentional Infliction of Emotional Distress. Counts I and IV are not subject to the instant motion.

DISCUSSION

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all facts alleged in the complaint as true, and draw all reasonable inferences in the light

most favorable to the plaintiff. *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001). A complaint is not required to contain detailed factual allegations, however, the plaintiff must allege facts that state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). It is not enough that there might be some conceivable set of facts that entitle the plaintiff to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553 (2007). The plaintiff's obligation "requires more than labels and conclusions..." *Id.* The Supreme Court has provided that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Further, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79.


The Retaliatory Discharge and Discharge Against
Public Policy Claims Fail To State A Claim Because
Carroll was an At-Will Employee and Neither Claim Fits
<u>Into a Public Policy Exception to the At-Will Employment Doctrine.</u>

In Counts II and III of the Complaint, Carroll alleges that her termination was in retaliation for her reporting instances of animal abuse and that the termination effectively "subverts the public policy of the State of Indiana." (Pl. Cmplt ¶ 30-32).

An employee at-will is terminable at any time, with or without cause. *Orr v. Westminster Village North, Inc.*, 689 N.E.2d 712, 717 (Ind. 1997). The Indiana Supreme Court has further held that there

are only two public policy exemptions to the at-will employment doctrine that allow an at-will employee to file a claim for retaliatory discharge: (1) when discharged for filing a worker's compensation claim; or (2)when discharged for refusing to commit an illegal act for which he would be personally liable. *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 503 (7th Cir. 1999).

Carroll was an at-will employee at the Shelter, and does not provide substantive case law to support her position that she should (or could) be entitled to move forward with her claims related to the alleged retaliatory discharge. Carroll's only argument in support of her claims are that although "Indiana case law provides little support...new case law is made every day and precedents that no longer work or that disadvantage the public, can be altered and over-ruled." (Pl. Mot. in Opp. p. 1). Considering the current state of the law, however, this Court follows the precedent set by the Indiana Supreme Court and presented by the Defendants. Carroll was an at-will employee and her claims do not fall within the purview of the two public policy exemptions to the at-will employment doctrine. The Court therefore finds that Counts II and III fail to state a claim upon which relief can be granted and are dismissed with prejudice.

The Claim under Article 1, Section 9 of the Indiana
Constitution Fails to State a Claim Because there is

### No Private Right of Action for Damages Under that Section.

In Count V of the complaint, Carroll alleges that her termination was a violation of Article 1, Section 9 of the Indiana Constitution. Section 9 provides that "[n]o law shall be passed, restraining the free interchange of thought and opinion, or restricting the right to speak, write, or print, freely, on any subject whatever: but for the abuse of that right, every person shall be responsible." IND. CONST. art. 1, § 9. The Indiana Supreme Court, interpreting Section 9, has held that "a terminated employee has no private right of action for damages that arises under that Section." *Cantrell v. Morris*, 849 N.E.2d 488, 492 (Ind. 2006). Carroll provides no support in opposition of the Indiana Supreme Court decision, and did not attempt to address Count V in her response brief. The Court therefore finds that Count V fails as a matter of law, and will be dismissed with prejudice.

### The Intentional Infliction of Emotional Distress Claim Fails to State A Claim for Which Relief Can be Granted.

In Count VI of the complaint, Carroll alleges that the retaliatory discharge was "extreme and outrageous and was carried out with the knowledge that such conduct would likely cause Plaintiff severe emotional distress." (Pl. Cmplt. ¶ 45). Carroll alleges that the Defendants' intentional infliction of emotional distress caused "severe emotional distress, loss of wages, loss of sleep, embarrassment and anxiety." (Id. at 45).

The Indiana Supreme Court has defined the tort of intentional infliction of emotional distress as "one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another..." *Cullison v. Medley*, 570 N.E.2d 27, 31 (Ind. 1991). Conduct is extreme and outrageous:

> "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'

*Conwell v. Beatty*, 667 N.E.2d 768, 777 (Ind. Ct. App. 1996) (quoting Restatement (Second) of Torts § 46 cmt. d (1965)). As the Defendants correctly note, "Indiana courts have been reluctant to award damages for intentional infliction of emotional distress in employment cases." *McCreary v. Libbey-Ownens-Ford Co.*, 132 F.3d 1159, 1167 (7th Cir. 1997); *see also Ellis v. CCA of Tennessee, LLC,* 2010 WL 2605870, *8 (S.D. Ind. June 21, 2010) (holding that termination for complaints of unfavorable work assignments, shift changes, and unwarranted disciplinary actions did not state a claim for intentional infliction of emotional distress).

Moreover, mere conclusory allegations do not meet the minimum pleading standards set forth in *Iqbal*, *supra*. Further, similar to Counts II and III, Plaintiff acknowledges that the case law provides little to no support for her position. In fact, Plaintiff has cited to neither case law nor substantive argument in support

of this claim. Carroll's only argument is a hope that this Court will overrule current precedent, which this Court is not inclined to do at this juncture. In light of *McCreary*, and the lack of a substantive argument provided by the Plaintiff, this Court finds that Count VI of the complaint fails as a matter of law, and should be dismissed with prejudice.

CONCLUSION

For the reasons set forth above the Partial Motion to Dismiss is **GRANTED** and Counts II, III, V, and VI are **DISMISSED** with prejudice.

DATED: July 11, 2013  /s/RUDY LOZANO, Judge
**United States District Court**